RECEIVED
CHARLOTTE, N.C.
JUN 02 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

FILED
STATESVILLE, N.C.
AUG 2 2005
U.S. DISTRICT COURT
W. DIST. OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| CAROLYN S. BRADLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 5:04CV186 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER OF REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America, by counsel, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter an order remanding this case to the Commissioner for further administrative proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991); *Shalala v. Schaefer*, 113 S.Ct. 2625, 2629 n.2. (1993). The Commissioner requests voluntary remand of the claim, and good cause exists to support this request for remand.

On remand, the Commissioner, through her Appeals Council, will assign the case to a different administrative law judge (ALJ) for further development and a new decision. The ALJ will be directed to provide a function-by-function assessment of the plaintiff's Residual Functional Capacity (RFC) and a comparison of the RFC findings to the physical and mental requirements of plaintiff's past relevant work.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C. §

405(g) with a remand of the cause to the Commissioner for further administrative proceedings. 2157 (1991).

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Dated this 27th day of July, 2005.

RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE